IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert W. DeLeon,<br><br>        Plaintiff,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>        Defendants. | CV 04-446-PHX-PGR (MS)<br><br>**REPORT AND RECOMMENDATION** |

       Before the Court is Plaintiff's "Motion to Take Leave/File Supplemental Pleading" filed August 26, 2005.  The Court recently denied a similar motion, indicating to Plaintiff that unless he can demonstrate to the Court that he only recently discovered the alleged injury (bulging disc), the Court would recommend that the supplement to the Second Amended Complaint be denied as untimely.  [Doc. # 155].

       The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b)(1) and (2).  The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. §1997e(a).

       The Federal Rules of Civil Procedure provide that:

> [a] party may amend the party's pleading **once** as a matter of course at any time before a responsive pleading is served. . . .Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party.

Rule 15(a), FED. R. CIV. P. (emphasis added).  Under this rule, the Court may grant leave to amend "freely. . .when justice so requires."  However, this policy of permitting liberal amendment of pleadings is tempered by "considerations of 'undue delay, bad faith, dilatory motive on the part of the Plaintiff, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Schlacter-Jones v. Gen. Tel., 936 F.2d 435, 443 (9th Cir. 1991) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

The Court will recommend that the motion to supplement the Second Amended Complaint be denied.  This case has been pending since March 2004.  The attachment to Plaintiff's motion to supplement indicates that Petitioner was diagnosed with a bulging disk in July of 2003.  Although Plaintiff states that he did not discover the condition until July 2005, Plaintiff provides no explanation for his late discovery.  Therefore, Plaintiff's attempt to supplement the complaint almost 3 years after being diagnosed, and almost one and one-half years after the complaint was filed, is untimely.

Accordingly,

IT IS RECOMMENDED that Plaintiff's "Motion to Take Leave/File Supplemental Pleading" filed August 26, 2005 be DENIED as untimely filed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.  The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  28 U.S.C. §636(b)(1) and Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues

1  and will constitute a waiver of a party's right to appellate review of the findings of fact
2  in an order or judgment entered pursuant to the Magistrate Judge's recommendation.
3       DATED this 31st day of August, 2005.

                                                    _____
                                                        Morton Sitver
                                                United States Magistrate Judge