**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Albert DeLeon, | ) | CV-04-446-PHX-JAT |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dora Schriro, et al, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |
| | ) | |

On August 29, 2007, the Court permitted counsel for Plaintiff to withdraw. Thus, Plaintiff Mr. De Leon is now proceeding *pro se.* On September 19, Mr. De Leon filed a motion styled, "Motion for Malicious Prosecution by Former Counsel. Plaintiff is Respectfully Requesting For This Court to Appoint an Attorney for Him." (Doc. # 256). Mr. De Leon is the Plaintiff in this civil action. He therefore does not have a case for "malicious prosecution."[1]

The only request for relief that Mr. De Leon makes in the Motion is for appointment of counsel. The Court therefore will treat the Motion as one for appointment of counsel. Mr. De Leon asks this Court to appoint trial counsel for him given his ignorance of the law. There is no constitutional right to appointment of counsel in a civil case for constitutional

---

[1]On the docket, the Clerk of the Court entered the Motion as a "Motion for Sanctions against Former Counsel." Although Mr. De Leon makes some serious character aspersions regarding Mr. Montoya, his former counsel, in the Motion, he has not asked for sanctions. The Court therefore will not treat the motion as one for sanctions.

violations.  *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998).  But the Court may appoint counsel in a civil rights case  when exceptional circumstances exist.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)(quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Mr. De Leon requests that the Court appoint counsel because of his ignorance of the law.  Mr. De Leon's "ignorance of the law" does not make him any different from most *pro se* plaintiffs.  In his Motion, Mr. De Leon has not articulated exceptional circumstances that would require appointment of counsel in this case.  Further, he has demonstrated an ability to express himself before the Court.  The Court therefore denies Mr. De Leon's motion for appointment of counsel.

Accordingly, IT IS ORDERED DENYING Plaintiff's "Motion for Malicious Prosecution by Former Counsel. Plaintiff is Respectfully Requesting For This Court to Appoint an Attorney for Him" (Doc. # 256).

DATED this 20th day of September, 2007.

James A. Teilborg
United States District Judge